# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
DONNA GORDON, as legal              *
representative of the estate of     *      No. 18-40V
RAY A. GORDON, decedent,            *      Special Master Christian J. Moran
                                    *
              Petitioner,           *      Filed: April 16, 2021
                                    *
v.                                  *
                                    *      Attorneys' fees and costs; reasonable
SECRETARY OF HEALTH                 *      basis; proof of vaccination.
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
* * * * * * * * * * * * * * * * * * * *
```

<u>Sylvia Chin-Caplan</u>, Law Office of Sylvia Chin-Caplan, LLC, Boston, MA, for petitioner;
<u>Heather L. Pearlman</u>, United States Dep't of Justice, Washington, DC, for respondent.

## PUBLISHED DECISION DENYING ATTORNEYS' FEES AND COSTS[1]

Donna Gordon alleged that her husband, Ray Gordon, received an influenza vaccine on January 19, 2015, and further alleged that the flu vaccine caused him to suffer Guillain-Barré syndrome. Ms. Gordon failed to establish that Mr. Gordon received the allegedly causal flu vaccine. <u>Gordon v. Sec'y of Health &amp; Human Servs.</u>, No. 18-40V, 2019 WL 4165318 (Fed. Cl. Spec. Mstr. July 29, 2019).

Ms. Gordon filed a motion for attorneys' fees and costs, arguing that because a reasonable basis supported the claim set forth in her petition, she was

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Anyone will be able to access this decision via the internet (https://www.uscfc.uscourts.gov/aggregator/sources/7). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website

eligible to receive attorneys' fees and costs as the Vaccine Act permits.  The
Secretary, however, disagreed, maintaining that Ms. Gordon did not have a
reasonable basis.  Adjudication of Ms. Gordon's motion was deferred while the
Federal Circuit considered the factors contributing to an analysis of reasonable
basis.  The Federal Circuit provided additional guidance in Cottingham v.
Secretary of Health & Human Services, 971 F.3d 1337 (Fed. Cir. 2020).  The
parties reiterated their positions in additional briefs filed after Cottingham.  The
Federal Circuit then issued another decision regarding the reasonable basis
standard in James-Cornelius v. Secretary of Health & Human Services, 984 F.3d
1374 (Fed. Cir. 2021).  The parties were then afforded the opportunity submit
additional briefs in light of this most recent decision.

Ms. Gordon does not qualify for an award of attorneys' fees because she has
failed to establish a reasonable basis for the assertion that Mr. Gordon received the
flu vaccination.  The evidence shows that Mr. Gordon refused the vaccination.

I.      **Summary of Evidence Regarding Vaccination**

The primary, but not only, issue is whether Ms. Gordon presented objective
evidence that Mr. Gordon received the flu vaccine when he underwent an operation
to replace a hip in January 2019.  Because the evidence concerning vaccination is
relatively limited, the relevant entries are presented in chart form:

| Item | Date | Description | Citation |
|------|------|-------------|----------|
| 1 | January 19, 2015 | Following the surgery, a registered nurse signed a standing order for Mr. Gordon to receive the flu vaccine. | Exhibit 1, tab A, at 4 |
| 2 | January 22, 2015 | Discharge instructions: two orders for the influenza vaccine (#1 and #20) note that "NO OCCURRENCES CHARTED" and "Patient Refused."  For both of the orders, the discharge instructions note "ORDER DISCONTINUED." Id. | Exhibit 1, tab A, at 313-14. |
| 3 | January 22, 2015 | Discharge instructions: "Refused Flu Vaccine (Follow up with physician or clinic)." | Exhibit 1, tab A, at 360. |
| 4 | May 13, 2015 | Box "Declines flu vaccine at this time" is marked. | Exhibit 1, tab A, at 425 |

| | | Box "Previously immunized during this current flu season (September 1st through March 31st)" is not marked. | |
|---|---|---|---|
| 5 | June 15, 2015 | Box "Declines flu vaccine at this time" is marked. Box "Previously immunized during this current flu season (September 1st through March 31st)" is not marked. | Exhibit 1, tab A, at 10. |
| 6 | September 26, 2018 | Ms. Gordon's affidavit, attesting "While in the recovery room on the day of the surgery, [Mr. Gordon] received pneumonia and influenza vaccines." | Exhibit 10 ¶ 4. |
| 7 | February 25, 2020 | Ms. Gordon's second affidavit, attesting: "I contacted the hospital and eventually spoke to a nurse, Ms. Justino, the Risk Management Coordinator of Baptist Hospital Risk Management. I forwarded her a copy of the standing order indicating that the flu vaccine had been given. She initially told me that she needed to reach out to pharmacy to verify the information. When I did not hear back from her, I called her again and was told that the information was in the medical records. When I called her back again to discuss this further, she indicated that she could understand why it appears that the flu vaccine was administered, but there were notes indicating that it hadn't been given. She then added that my attorney could always do discovery if needed. That was the last conversation I had with Ms. Justino. She did not confirm nor did she deny that the flu vaccine was given as the Standing Order indicates." | Tab F to Pet'r's Mot. for Attorneys' Fees and Costs |

Based upon items 1-6, the Entitlement Decision found that Ms. Gordon had not met her burden of presenting persuasive evidence that Mr. Gordon received the flu vaccine.[2]  The basis of this finding was the presence of affirmative evidence

_____

[2] Item 7, Ms. Gordon's second affidavit, was not filed until after the Entitlement Decision.

that the vaccine was not given because Mr. Gordon refused the flu vaccine. <u>Gordon</u>, 2019 WL 4165318, at *3 (citing exhibit 1, tab A, at 313-14, 360 (items 2 and 3 in the above chart)).

The Entitlement Decision considered, but did not find probative, the information from the May and June 2015 hospitalizations (items 4 and 5 in the above chart) because whether the hospital would offer a flu vaccine after March 31 was not clear.

The Entitlement Decision declined to credit as persuasive evidence Ms. Gordon's September 26, 2018 affidavit (item 6 in the above chart). There, "Ms. Gordon has not explained the basis for her knowledge that Mr. Gordon received the flu vaccine." <u>Id.</u> at *3. Ms. Gordon's affidavit carried less weight than the medical records.

For these reasons, Ms. Gordon's case was dismissed. Following the entry of judgment, Ms. Gordon filed her pending motion for attorneys' fees and costs, which is premised upon an assertion that her claim had a reasonable basis.

## II.   <u>Procedural History</u>

Ms. Gordon filed her petition on January 8, 2018, alleging that her husband suffered from GBS as a result of a flu vaccination administered on January 19, 2015. After collecting medical records over the course of multiple months, she then filed a statement of completion on October 10, 2018.

The Secretary then filed his Rule 4(c) report on February 25, 2019, arguing that the medical records demonstrate Mr. Gordon did not receive the flu vaccine alleged and that, therefore, the claim should be dismissed. In the alternative, the Secretary also argued that even if Ms. Gordon could prove vaccination, she had not provided persuasive evidence that Mr. Gordon suffered from GBS or that the alleged vaccination caused GBS in Mr. Gordon.

A status conference was held on March 18, 2019, to discuss the issue of evidence regarding vaccination. Ms. Gordon was ordered to submit a response to the argument in the Rule 4(c) report regarding this issue. Ms. Gordon submitted her response on April 18, 2019, and the Secretary filed a reply on May 2, 2019. The undersigned then issued a decision denying compensation based on the lack of persuasive evidence regarding a record of vaccination on July 29, 2019.

After judgment entered, Ms. Gordon filed a motion for attorneys' fees and costs. The Secretary claimed a lack of reasonable basis in response. On August 31, 2020, after the Federal Circuit's decision in Cottingham was issued on August 19, 2020, Ms. Gordon and the Secretary were allowed the opportunity to submit supplemental briefs regarding reasonable basis, which they did on September 30, 2020, and October 26, 2020, respectively. After the decision in James-Cornelius was issued on January 8, 2021, the parties were again afforded an opportunity to submit supplemental briefs regarding reasonable basis in light of this new precedent. Ms. Gordon filed her supplemental brief on March 9, 2021. The Secretary filed his response on March 17, 2021. Thus, the matter is now ripe for adjudication.

## III.   **Standards for Adjudication**

Petitioners who have not been awarded compensation (like Ms. Gordon here) are eligible for an award of attorneys' fees and costs when "the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa—15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017). Here, the Secretary has not raised a challenge to Ms. Gordon's good faith. Thus, the disputed issue is reasonable basis.

In Cottingham, the Federal Circuit stated that the evidentiary burden for meeting the reasonable basis standard "is lower than the preponderant evidence standard." Something "more than a mere scintilla" might establish the reasonable basis standard. 917 F.3d at 1356. Petitioners meet their evidentiary burden with "objective evidence." Id. at 1344. In categorizing medical records as objective evidence, the Federal Circuit stated, "[m]edical records can support causation even where the records provide only circumstantial evidence of causation." Id. at 1346. Finally, the Federal Circuit in Cottingham specified that "[w]e make no determination on the weight of the objective evidence in the record or whether that evidence establishes reasonable basis, for these are factual findings for the Special Master and not this court." Id. at 1347.

In its most recent opinion regarding the reasonable basis standard, the Federal Circuit stated that medical records, affidavits, and sworn testimony all constitute objective evidence to support reasonable basis. James-Cornelius v. Sec'y of Health & Human Servs., 984 F.3d 1374, 1379-81 (Fed. Cir. 2021). The Federal Circuit further clarified that "absence of an express medical opinion on

causation is not necessarily dispositive of whether a claim has reasonable basis." Id. at 1379 (citing Cottingham, 971 F.3d at 1346). These two most recent decisions guide the analysis regarding what types of evidence constitute objective evidence of reasonable basis, as originally articulated in Simmons, though the ultimate weighing of such evidence is left up to the special master.

## IV. **Analysis**

Preliminarily, the outcome of the Entitlement Decision does not control the result of Ms. Gordon's pending motion for attorneys' fees and costs. The Entitlement Decision weighed the evidence according to the preponderance of the evidence standard. However, the evidentiary standard for determining reasonable basis is less than the preponderance of the evidence. Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6324660, at *12-13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Nevertheless, the reasoning in the Entitlement Decision regarding the weight of the evidence remains valuable. The Entitlement Decision explained that some evidence affirmatively showed that Mr. Gordon refused the flu vaccination. This affirmative evidence, which is noted in more than one place in the medical records, constitutes powerful evidence against the proposition that Mr. Gordon received the flu vaccine.

Against this evidence, Ms. Gordon points to the standing order. Pet'r's Suppl. Br., filed Sep. 30, 2020, at 1.[3] However, the standing order shows that the flu vaccine can be administered but does not show it was administered. See exhibit 1, tab A, at 4. Moreover, the associated protocol (flow chart) shows that after the standing order has been initiated, a vaccine may not be given. Id. at 5. Ms. Gordon's position is that the only way for a vaccine not to be given is for a doctor to enter an order canceling the vaccine. She infers that the lack of an order officially canceling the flu vaccine must mean that the flu vaccine was given. Pet'r's Suppl. Br. at 4.

This argument is too attenuated from the objective evidence on which special masters must rely in finding reasonable basis. The objective evidence, as noted above, is that Mr. Gordon refused the flu vaccination. Ms. Gordon offers little argument to contradict the statement in the medical record that the flu vaccine

---

[3] Ms. Gordon also attempts to argue that the medical records regarding the pneumococcal vaccination are inconsistent. Pet'r's Suppl. Resp. at 2. However, Ms. Gordon's claim is based upon the flu vaccine, not the pneumococcal vaccine.

was refused.  At best, Ms. Gordon notes that a nurse documented that Mr. Gordon refused the flu vaccine perhaps as many as 90 minutes after he was discharged from the hospital.  Pet'r's Suppl. Br. at 4.  But, Ms. Gordon has not argued that a nurse's creation of a medical record perhaps 90 minutes after the event occurred would be unreasonable.

Beyond the medical records, Ms. Gordon also points to her second affidavit, which was filed in support of her attempt to receive attorneys' fees and costs. Pet'r's Suppl. Br. at 3, 6.  While the Secretary argues that this affidavit does "not constitute objective evidence that can be considered under the totality of circumstances," Resp't's Resp., filed Oct. 26, 2020, at 5, this argument can be set aside for another case.  Even if Ms. Gordon's second affidavit is accepted as constituting a form of "objective evidence" on which a special master might rely, this evidence still does not present grounds for finding reasonable basis.  Cf. Gomez v. Sec'y of Health & Human Servs., No. 17-1800V, 2019 WL 7480769, at *5 (Fed. Cl. Dec. 6, 2019) (reversing a finding of reasonable basis and stating that "subjective recollections recorded in medical interviews" are "different in kind . . . from official vaccinations records").

At best, Ms. Gordon's second affidavit avers that Ms. Justino stated that Ms. Justino could not say whether Mr. Gordon received the flu vaccination.[4]  But, a neutral statement does not constitute positive evidence.  Moreover, Ms. Justino's account that "there were notes indicating that it [the flu vaccine] hadn't been given" is consistent with the medical records discussed above.  Thus, Ms. Justino's statement tends to undermine the assertion that Mr. Gordon received the flu vaccine.

In short, when considered as a whole, the record does not contain an adequate ground for finding that Ms. Gordon had a reasonable basis for a basic premise of her Vaccine Program claim---that Mr. Gordon received a covered vaccine.  Mr. Gordon's medical records contain more than one medical record indicating that he refused the vaccination.  Ms. Gordon and her attorneys should have been aware of this evidence before initiating the lawsuit.  Cf. Spohn v. Sec'y of Health & Human Servs., 132 F.3d 52 (table), 1997 WL 722955, at *2 (Fed. Cir. Nov. 21, 1997) (affirming judgment dismissing petition for being filed one day

---

[4] Rather than relying upon Ms. Gordon's recounting of what Ms. Justino told her, Ms. Gordon might have been better served to obtain a statement from Ms. Justino directly.  However, the undersigned assumes that Ms. Gordon's hearsay statement accurately sets forth the communications with Ms. Justino.

outside the statute of limitation due to a discrepancy in medical records regarding the date of vaccination).

The direct statements that Mr. Gordon refused the flu vaccination weigh heavily against a finding that Ms. Gordon possessed a reasonable basis to allege that he received the flu vaccination. While some petitioners might fail to present preponderant evidence regarding the receipt of vaccination and yet still satisfy the reasonable basis standard, each case is evaluated on its evidence. And, there are examples in which special masters have found a lack of reasonable basis due to lack of evidence regarding vaccination. E.g., Cole v. Sec'y of Health & Human Servs., No. 14-628V, 2015 WL 6149300 (Fed. Cl. Spec. Mstr. Sept. 14, 2015); Cortez v. Sec'y of Health & Human Servs., No. 09-174V, 2014 WL 1604002 (Fed. Cl. Spec. Mstr. Mar. 26, 2014) (citing cases and rejecting argument that a notation about an "injection" conferred reasonable basis to infer that a vaccine had been given when counsel could have investigated evidence before filing the petition); Rydzewski v. Sec'y of Health & Human Servs., No. 99-571V, 2007 WL 949759 (Fed. Cl. Spec. Mstr. Mar. 12, 2007), cited in Sebelius v. Cloer, 569 U.S. 369, 382 n.7 (2013); see also Van Houter v. Sec'y of Health & Human Servs., No. 90-1444V, 1992 WL 370270 (Fed. Cl. Nov. 18, 1992) (denying motion for review of decision that denied a motion for attorneys' fees and costs due to lack of proof of vaccination).

While the finding that Ms. Gordon did not present sufficient objective evidence regarding Mr. Gordon's receipt of the flu vaccine to satisfy the reasonable basis standard is the reason for denying Ms. Gordon's motion for attorneys' fees and costs, the Secretary has raised an additional issue. In his report regarding entitlement to compensation, the Secretary questioned whether GBS was an appropriate diagnosis for Mr. Gordon and the temporal relationship between the alleged flu vaccine and the onset of the neurologic problem. Resp't's Rep., filed Feb. 25, 2019. The Secretary mentioned this point in his initial response to Mr. Gordon's motion. Resp't's Obj., filed Apr. 3, 2020, at 3 n.2.

When Ms. Gordon had an opportunity to reply, she presented a conclusory argument. She maintained:

> The decedent, Ray Gordon, was subsequently diagnosed with Guillain Barre Syndrome. The development of Guillain Barre Syndrome six (6) weeks after administration of the flu vaccine, is currently a Table injury. There is medical literature that supports the development of Guillain Barre Syndrome after the

8

> administration of flu vaccine within the time frame
> present in this case.

Pet'r's Suppl. Resp. at 6-7.

Ms. Gordon's argument is deficient in three respects. Ms. Gordon did not cite any medical records supporting the proposition that Mr. Gordon was diagnosed with Guillain-Barré syndrome. Ms. Gordon did not identify when he began to have symptoms of Guillain-Barré syndrome. Ms. Gordon did not cite and did not file any "medical literature."

The Secretary contends that Mr. Gordon's neurologic problem began "no earlier than mid-March, 2015, at least eight weeks after the alleged vaccination." Resp't's Suppl. Br. at 6 (citing exhibit 5 at 8). The Secretary additionally argues that Ms. Gordon "failed to provide objective evidence that onset of his GBS began within a medically appropriate time period for causation to be inferred." Id. Ms. Gordon has not filed any pleading after the Secretary's supplemental brief in which she could have addressed this argument.

Congress authorized special masters to award attorneys' fees to petitioners who present "a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa–15(e). Here, Ms. Gordon's claim is that a flu vaccine *caused* Mr. Gordon to suffer Guillain-Barré syndrome. Pet., filed Jan. 8, 2018, at preamble. Thus, it would appear that to establish a reasonable basis "for the claim for which the petition was brought," Ms. Gordon would be required to point to objective evidence supporting the assertion that Mr. Gordon received the flu vaccine and that the flu vaccine caused his GBS.[5] However, deciding this question is not necessary when the outcome of Ms. Gordon's motion rests upon the independent ground that she did not present a reasonable basis for asserting that Mr. Gordon received the flu vaccine.

## V.   Conclusion

Ms. Gordon's eligibility for an award of attorneys' fees and costs depends upon her establishing a reasonable basis for the claim set forth in the petition. Ms. Gordon has failed to present sufficient objective evidence that would ground a finding of reasonable basis that Mr. Gordon received a flu vaccine. Accordingly, Ms. Gordon's motion for an award of attorneys' fees and costs is DENIED.

---

[5] In some cases, petitioners could benefit from a presumption of causation for injuries listed on the Vaccine Injury Table.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
